Martha Helzer, Administratrix of Melchoir Helzer, deceased, Appellant, *v.* William P. Helzer.

*Practice, Supreme Court—Points and answers—Assignments of error—Binding instructions.*

The purpose of a point submitted to a trial court is to obtain special instructions to the jury on the law applicable to the case. Where the court itself applies the law by a binding instruction, the jury have no duty of application left to them, and the answers to points become mere theoretical discourses on the law, having no practical application to the case, and, being wholly irrelevant, they should not be assigned as error.

*Promissory notes—Lost note—Evidence—Secondary evidence—Binding instructions.*

Where in an action upon a lost note the plaintiff has produced evidence of the contents of the note, and the defendant has then produced a paper purporting to be the note, which the plaintiff, upon inspection refuses to accept as such, it is error for the court to refuse to admit any further evidence of the contents of the note and, without striking out the evidence already in, peremptorily instruct the jury to find for the defendant. In such a case the plaintiff is not bound to accept any paper produced as the genuine basis of suit, and the burden of proving it to be so is on the defendant, and when contested it is a question for the jury.

Argued May 18, 1898. Appeal, No. 163, Jan. T., 1898, by plaintiff, from judgment of C. P. York Co., on verdict for defendant. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on a lost promissory note. Before W. F. BAY STEWART, J.

Plaintiff's statement alleged an indebtedness of $1,400, for which a judgment note had been given before the death of plaintiff's intestate, but which could not be found after his death, for which reason a copy of the note could not be set forth in the statement.

The facts appear by the opinion of the Supreme Court.

Plaintiff's points and the answers thereto were as follows:

· 1. If the jury believe from the evidence that on or about the 8th day of February, 1896, the defendant, William P. Helzer, executed and delivered to his father, Melchoir Helzer, in payment of a lot of ground, as testified to by the witness Keech,

a judgment note for the sum of $1,400, payable one year after its said date, with interest at the rate of three per cent per annum, and further finds from the plaintiff's evidence that she made proper and diligent search for the same among the papers and effects of the decedent within a few days of his death, and was unable to find the same, and that the death of said Melchoir Helzer occurred a long time before said note fell due and became payable, then there are no facts in the case from which the jury could presume or find the fact of the payment of the note by the defendant, and their verdict should be in favor of the plaintiff. *Answer :* This point is refused. There is no evidence offered showing the fact that payment could be inferred in the case; and there is no evidence showing an indebtedness due from the defendant to the plaintiff at all, evidence as to contents of the note having failed. [1]

2. There being no evidence offered in the case upon either side to prove payment of the note in suit, and no evidence as to whether or not it went out of the possession of Melchoir Helzer in his lifetime, or what became of it after his death; and it appearing that a diligent search among his papers and effects after his death by his administratrix failed to disclose its whereabouts, the jury may, from all the facts in the case, infer and find that the indebtedness for which the note was originally given remained unpaid at the death of Melchoir Helzer, and still remains unpaid; and if they so find from all the evidence in the case, their verdict should be for the plaintiff for the amount of the note, with interest at the rate of three per cent from the date thereof. *Answer :* This point is refused. [2]

3. Upon the law and the facts of this case, the verdict of the jury should be for the plaintiff. *Answer :* This point is refused. [3]

The court gave binding instructions for defendant. [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*N. M. Wanner,* with him *E. Z. Strine,* for appellant.—The contents of a lost instrument may be proved by parol, after proof of its existence and proper search for it, but the contents need not be proved with entire exactness as to details: Diehl v. Emig,

65 Pa. 320; Gorgas v. Hertz, 150 Pa. 538; Hemphill v. Mc-
Climans, 24 Pa. 369; Fisher v. Borough of South Williamsport,
1 Pa. Superior Ct. 386; Cote v. Schoen, 1 Pa. Superior Ct.
583; Spalding v. Bank, 9 Pa. 28; Empire Transportation Co.
v. Steele, 70 Pa. 188; Raab v. Urick, 2 W. N. C. 53; Lehigh
Valley Coal Co. v. Ward, 149 Pa. 119.

We can find no authority, nor was any cited in the court be-
low, to show that where an alleged paper in suit is voluntarily
produced by the defendant, but its authenticity is denied by
the plaintiff, such mere act of production, not only precludes
secondary evidence of the contents of the alleged lost instru-
ment being offered afterward, but justifies the court in ruling
out, without notice, evidence which it had previously admitted.

*H. C. Niles,* with him *W. A. Miller* and *Geo. E. Neff,* for
appellee.—The dominant rule of evidence that is without relax-
ation, and at all times in the ascendency, is that demanding the
best attainable proof of which the case is susceptible. No evi-
dence shall be received which presupposes better in the party's
power to produce; because the attempt to substitute the infe-
rior for the higher implies that the higher would give a differ-
ent aspect to the case of the party introducing the lesser: 1
Rice on Civil Evidence, p. 147; Graff v. Pitts., etc., R. R. Co., 31
Pa. 489.

A copy is not admissible when the prima facie original is in
court: Stitt v. Huidekopers, 17 Wallace, 397; Gray v. Gray,
2 Lansing, 173.

OPINION BY MR. JUSTICE MITCHELL, July 21, 1898:

A matter of practice may be noticed preliminarily. The learned
judge gave a binding direction to the jury to find for defend-
ant, yet the assignments of error include several to the refusal
of appellant's points. These are wholly irrelevant to the case
as presented here. A point, as said by our Brother DEAN, in
Malone v. R. R. Co., 157 Pa. 430, is " to obtain from the court
specific rulings on the law applicable to the facts." It may be
stated in positive form when the facts are undisputed, or hypo-
thetically, as it must be where the facts are in contest—if the
jury find the facts to be so and so, then the law is so and so.
But in either form, positive or hypothetical, it is a direction

·from the court what specific rule of law should be applied by the jury to the facts as they find them. Where the jury have no duty of such application left to them, and the court itself applies the law by a binding instruction what verdict shall be rendered, answers to points become mere theoretical discourses on law, having no practical bearing on the case. All the answers might be wrong and yet if upon the facts as they appear the direction of the verdict was right, the answers would go for nought in this Court. The only question therefore really in this case is whether the learned judge was right in directing a verdict for defendant.

The plaintiff declared upon a lost note, and at the trial gave evidence as to the making of the note, its amount, the search and failure to find it. All this was in very general terms, but it was sufficient to carry the case declared upon to the jury. Plaintiff was then proceeding to make more specific proof of the contents when defendant produced a note purporting to be the one sued on, but which the plaintiff after inspection declined to accept, or recognize as such. The judge, however, then refused to admit any further evidence of the contents and, without striking out the evidence already in, peremptorily instructed the jury to find for the defendant. This he did apparently in the view that the note itself being produced, and being the best evidence of its contents, the previous testimony became merely secondary and inadmissible. In general that is a correct view. If secondary evidence has been received, on the supposition that it is the best attainable, and it subsequently appears during the trial that a higher grade of evidence is within present reach of the party, no doubt the judge may require its production. But the necessary preliminary to that is to strike out the secondary evidence already in, and that cannot be done unless the presence of the better evidence is admitted or otherwise indisputable. The judge was apparently of opinion that the plaintiff was bound to accept the note produced by the defendant or to submit it to the witness to disprove its identity with the one declared on. But the burden of such proof was not on the plaintiff. She had declared on a lost note, and had made out a case for the jury on that basis. Her case was liable' to be overthrown by the production of the note itself with a resulting contradiction or·material variance of its terms, but plaintiff was not

bound to accept any or every paper produced as the genuine basis of suit. The burden of proving it to be so was on the defendant, and, if contested, it would be a question for the jury.

The direction to find for the defendant therefore overlooked the status of the case, and was improvidently given.

Judgment reversed and venire de novo awarded.